IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHAWN RODRIGUES,<br><br>Defendant. | Case No. 16-cr-00529-DKW-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Defendant Shawn Rodrigues requests reconsideration of this Court's September 4, 2020 Order Denying his Motion for Compassionate Release (the "Order"). Dkt. No. 172. Having now done so, Defendant's motion is DENIED for the reasons set forth below.

## RELEVANT BACKGROUND

The facts underlying Defendant's Compassionate Release Motion (Dkt. No. 165) are generally set forth in the Order and are not repeated here. *See* Dkt. No. 172. Relevant to Defendant's present motion for reconsideration are two newly discovered facts. First, Defendant claims updated medical records show he is obese, which puts him at a high risk of becoming seriously ill upon contracting COVID-19. Dkt. No. 173 at 2–3. Second, he claims there have been a nominal number of reported reinfections of COVID-19, with at least one person reporting

more severe symptoms the second time he contracted the virus. *Id.* at 3–4. Neither new fact, even if true, changes the outcome of the Order.

## LEGAL STANDARD

Defendant brings the present motion for reconsideration under Local Rule 60.1.[1] Dkt. 173 at 2. That rule provides three grounds justifying reconsideration: "(a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) Manifest error of law or fact." Local Rule 60.1. A motion for reconsideration must accomplish two goals: first, it "must demonstrate some reason why the court should reconsider its prior decision;" and second, it "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation omitted). While a district court enjoys discretion to grant or deny such a motion, "[m]otions for reconsideration are disfavored." *Id.*

## DISCUSSION

Defendant's motion is premised solely "on the discovery of new facts that were not previously available." Dkt. No. 173 at 2. Defendant argues these facts are material and, because not previously considered, the Order rests upon a

---

[1] Defendant's motion embraces the Local Rule 60.1 standard for reconsideration of an interlocutory order. Dkt. No. 173 at 2. As such, the Court applies that standard without addressing whether it is appropriate in this context. However, the Court notes the disposition would be no different if it considered the motion under Rule 59(e) given the similarity of grounds for granting relief under that rule. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

2

manifest error of fact.  *See id*. at 2–4 (arguing the newly discovered facts alter the premises upon which the Order relies).  Considering Defendant's "new facts," the Court finds no manifest error and still no basis to grant compassionate release.

## I.      Extraordinary and Compelling

The Court applies the following framework to determine whether COVID-19 presents extraordinary and compelling reasons to grant a reduction in sentence.

> [T]o establish "extraordinary and compelling reasons" stemming from the current coronavirus pandemic, and for such a finding to be consistent with Application Note 1 to U.S.S.G. § 1B1.13, an inmate must necessarily establish the following three elements by a preponderance of the evidence: (1) the inmate is "suffering from a terminal illness," or a "serious" physical or cognitive condition; (2) that condition puts the inmate at a high risk of becoming seriously ill from COVID-19; and (3) if the inmate were to contract COVID-19, the inmate's ability "to provide self-care within the . . . correctional facility" would be "substantially diminishe[d]" and the inmate would "not [be] expected to recover."

Dkt. 172 at 9 (quoting U.S.S.G. § 1B1.13 & cmt. n.1(A)); *see also United States v. Kazanowski*, No. CR 15-00459 DKW, 2020 WL 3578310, at *7 (D. Haw. July 1, 2020); *United States v. Kealoha*, No. CR 04-00265 DKW, 2020 WL 3735773, at *7 (D. Haw. July 6, 2020).  Even accepting Defendant's newly presented facts as true, he still fails on the last two elements.

The Court recognizes Plaintiff's updated medical records show he weighed 206 pounds on July 31, 2020 and had a recorded body mass index ("BMI") of 33.2 on August 10, 2020.  Dkt. No. 173 at 3; Dkt No. 178 at 1, 7.  Thus, Defendant has

a medical condition recognized by the CDC as placing him at greater risk of having a severe reaction to COVID-19.[2]

However, demonstrating a high risk of becoming seriously ill from COVID-19 requires showing not only that Defendant is a member of an at-risk group, but also that there is "a high risk of contracting the virus because of the number of positive COVID-19 cases at the facility where he is housed." Dkt. No. 172 at 11. Terminal Island FCI, where Defendant is housed, has zero inmates and only two staff members currently testing positive for COVID-19 (the numbers were three and zero, respectively, at the time the Order was issued).[3] Those inmates at the facility who have previously contracted the virus, including Defendant, have overwhelmingly recovered.[4] These facts continue to tell a clear story: the possibility of Defendant contracting COVID-19 at Terminal Island FCI remains only a "remote and speculative possibility." Dkt. No. 172 at 11.

---

[2]*See Coronavirus Disease 2019 (COVID-19): People at Increased Risk for Severe Illness – People with Certain Medical Conditions*, CDC (updated Sept. 11, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 17, 2020) (listing those with BMIs of thirty or higher at increased risk of severe illness if they contract COVID-19).

[3]*COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Sep. 21, 2020). On this public website containing the coronavirus-related data for Bureau of Prison ("BOP") facilities, the BOP notes that it "update[s] the open COVID-19 confirmed positive test numbers, recoveries, and the number of COVID-19 related deaths daily at 3:00 p.m." *Id.*

[4]Terminal Island FCI reports 881 total inmates, 607 of whom have recovered from COVID-19. *FCI Terminal Island*, BOP, https://www.bop.gov/locations/institutions/trm/ (last visited Sept. 21, 2020); *COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Sep. 21, 2020).

Defendant disputes this conclusion by citing a nominal number of reported COVID-19 reinfections. Dkt. No. 173 at 3–4. Specifically, Defendant notes three cases of reported reinfection, only one of which was in the United States, and only one where symptoms of the second bout were worse than the first. *Id.* Even accepting this information as true, the CDC's position at the time the Order was issued is not undermined: "the immune response . . . is not yet understood."[5] There is no reason to doubt this remains true. There have been over 6.5 million reported cases of COVID-19 in the United States[6] and just one reported case of reinfection.

To say Defendant's chance of reinfection is zero is not accurate now nor would it have been accurate at the time of the Order. But the presented numbers, at the same time, in no way demonstrate a "high risk" of Defendant becoming reinfected at Terminal Island FCI. In other words, even on Defendant's new facts, the risk of Defendant's reinfection falls far short of compelling.

Moreover, whatever the precise risk of reinfection at Terminal Island might be, Defendant has plead no additional facts demonstrating that, were he to be reinfected, his ability "to provide self-care within the . . . correctional facility" would be "substantially diminishe[d]" and he would "not [be] expected to

---

[5]*Clinical Questions about COVID-19: Questions and Answers: Can People Who Recover fromCOVID-19 be Re-infected with SARS-CoV-2?*, CDC (Aug. 4, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html#:~:text=There%20is%20no%20firm%20evidence,to%20protect%20against%20reinfection. (last visited Sept. 17, 2020).
[6]CDC COVID Data Tracker, CDC (updated Sep. 16, 2020), https://covid.cdc.gov/covid-data-tracker/#cases_totalcases (last visited Sep. 17, 2020).

recover." *See* U.S.S.G. § 1B1.13 cmt. n.1.  As the Court explained:

> Rodrigues contracted the virus once and did not experience any symptoms, such as a "cough, SOB [shortness of breath], muscle pain, fatigue, [or] sore throat" as a result of the virus.  Dkt. No. 165-4 at 7–8.  Rodrigues then recovered while at Terminal Island FCI and has not demonstrated that he is currently suffering from any "terminal" or "serious" lasting effects from the virus.  *See* U.S.S.G. § 1B1.13 cmt. n.1(A).  The fact that Rodrigues previously had an asymptomatic bout with the virus and recovered without any long-term, serious effects strongly suggests that if he were to be reinfected, Terminal Island FCI is equipped to cope with his symptoms, and he can be expected to recover.

Dkt. No. 172 at 15.  Defendant's only new fact in this regard is that, in one case of reported reinfection, the symptoms from the second bout were worse than the first.  Dkt. No. 173 at 3–4.  This evidence (1) is only anecdotal, as it pertains to just one out of the 6.5 million COVID-19 cases in the United States; and (2) does not undermine the conclusion that, even if Defendant experienced symptoms from reinfection, Terminal Island FCI is equipped to cope with them.

In short, while Defendant has presented new facts demonstrating he suffers from a condition—obesity—that the CDC says puts him at greater risk of a severe illness were he to contract COVID-19, he has failed to allege new facts showing he is likely to be reinfected with the virus and, if he were, that his ability to provide self-care at Terminal Island FCI would be compromised and he would not be expected to recover.

## II. Section 3553(a) Factors

The Court provided an alternative ground for rejecting Defendant's Compassionate Release Motion: "even if extraordinary and compelling reasons supported compassionate release, the Court is not convinced the applicable factors in 18 U.S.C. § 3553(a) counsel in favor of reducing Rodrigues' sentence." Dkt. No. 172 at 17. No new facts bear on, let alone, contradict any portion of this analysis. Because this basis for denying compassionate release remains undisturbed, reconsideration is not warranted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration, Dkt. No. 173, is DENIED.

IT IS SO ORDERED.

DATED: September 21, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*United States of America v. Shawn Rodrigues*; Criminal No. 16-00529-DKW-1;
**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION.**